UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ISAAC M. COUNCIL,<br>    Plaintiff,<br><br>v.<br><br>WARDEN CHAPDELAINE, et al.,<br>    Defendants. | No. 3:17-cv-01161 (SRU) |

## INITIAL REVIEW ORDER

Plaintiff, Isaac M. Council, currently confined at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed a complaint *pro se* under 42 U.S.C. § 1983 challenging his medical care. The named defendants are Warden Chapdelaine, Unit Manager Davis, Dr. Pillai,[1] and Lieutenant Doe. Council's complaint was received on July 12, 2017, and his motion to proceed *in forma pauperis* was granted on July 13, 2017.

Under section 1915A of Title 28 of the United States Code, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to

---

[1] Dr. Pillai is incorrectly identified in the complaint's caption as Dr. Pillai Omprakash. He is referenced correctly in the body of the complaint. The clerk shall correct the caption of the case.

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

Council, an amputee, wears a prosthetic left leg. When he arrived at MacDougall-Walker Correctional Institution on April 26, 2016, he was told that he would be housed in N-Pod and would be permitted to go to the medical unit to use the handicap-accessible shower. That procedure was followed until May 4, 2016.

On May 4, 2016, Council was not permitted to go to use the medical unit shower because he did not have a shower pass. A correctional officer told Council that, until he was seen by Dr. Pillai, he would need to use the non-handicapped shower in the housing unit. Upon Council's request, the correctional officer contacted Lieutenant Doe. Lieutenant Doe reviewed Council's medical file and agreed that he was required to see the doctor. Council was told to use a plastic chair from his cell for support in the unit shower.

While showering, Council lost his balance, fell out of the chair, and landed on his back on the shower floor. A code was called and Council was taken to the medical unit in a wheelchair. His vital signs were taken and he was given Motrin before being wheeled back to his cell.

The following morning, Council awoke with severe pain in his lower back. Council asked

the correctional officer to contact the medical unit about his pain and to ask whether he was on the list to see the doctor that day. Council was told to submit a request. Council asked to speak with Unit Manager Davis, but she did not come to the housing unit to speak with him.

On May 9, 2016, Council filed a grievance for lack of medical attention for a back injury. On May 14, 2016, he submitted a second request explaining the severity of his pain and his urgent need to be seen. Also on May 14, 2016, Council spoke to Unit Manager Davis while she was touring the unit. Unit Manager Davis told him to submit another medical request and to purchase Ibuprofen from the commissary.

On May 27, 2016, Council filed a Health Emergency Grievance because he had not yet been seen. To date, he has received no relief for his injuries. He continues to experience pain and inability to sleep as a result of the fall.

## II. Analysis

### A. Defendants Davis and Doe

Council's claim against Unit Manager Davis and Lieutenant Doe appears to be a claim for deliberate indifference to safety. Prison officials have a duty to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To state a claim, Council must show (i) that the conditions of his incarceration posed a "substantial risk of serious harm," and (ii) that prison officials were "deliberate[ly] indifferen[t]" to his safety. *Id.* at 834. Deliberate indifference exists where prison officials "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

Council alleges that that prison officials permitted him to use the medical unit shower upon his arrival at the facility, which constitutes an acknowledgment of the risk of requiring him

to use the unit showers. Unit Manager Davis and Lieutenant Doe were aware that the practice was terminated, but they made no effort to schedule a visit with Dr. Pillai so that Council could obtain the required shower pass, nor did they assist Council in doing so. At the present stage of the litigation, those allegations are sufficient to state a plausible claim for deliberate indifference to safety against Unit Manager Davis and Lieutenant Doe.

### B. Defendants Chapdelaine and Pillai

To state a cognizable claim for damages, Council must allege facts showing the "personal involvement" of each defendant in the alleged constitutional violation. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Although Council states that Dr. Pillai was responsible for issuing the shower pass, he alleges no facts suggesting that Dr. Pillai was aware that Council needed a pass, had submitted requests to the medical unit, or required medical care. Absent such knowledge, Dr. Pillai was not personally involved.

Nor does Council allege any facts demonstrating Warden Chapdelaine's involvement. He does not even mention her in his statement of the claim. It appears that Council has named Warden Chapdelaine solely for her position as warden, but "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Thus, absent any allegations of involvement, the claims against Warden Chapdelaine and Dr. Pillai are dismissed.

## III. Conclusion

All claims against Warden Chapdelaine and Dr. Pillai are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The case will proceed on Council's claim of deliberate indifference to safety against Unit Manager Davis and Lieutenant Doe.

4

In accordance with the foregoing analysis, I enter the following orders:

(1) **The Clerk shall** verify the current work address for Unit Manager Davis with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packets containing the Complaint to Unit Manager Davis within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35) day** after mailing. If Unit Manager Davis fails to return the waiver request, then the Clerk shall make arrangements for in-person service by the U.S. Marshal Service upon her in her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send Council a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, then they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, then the dispositive motion can be granted absent objection.

(8) Should Council change his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that **the plaintiff MUST notify the court**. Failure to do so can result in the dismissal of the case. Council must give notice of a new address even if he is incarcerated. Council should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Council has more than one pending case, then he should indicate all of the case numbers in the notification of change of address. Council should also notify the defendant or the attorney for the defendants of his new address.

(9) Plaintiff shall use the Prisoner Efiling Program when filing documents with the court.

(10) The Clerk cannot effect service on Lieutenant Doe without his full name and current work address. Council is directed to obtain this information during discovery and to file a notice containing the information with the court. Once Lieutenant Doe has been identified, I will order that he be served with a copy of the complaint.

So ordered.

Dated at Bridgeport, Connecticut, this 28th day of August 2017.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge